UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAURA FORMAN,<br>           Plaintiff(s),<br>vs.<br>NATIONAL BANKING ASSOCIATION,<br>           Defendant(s). | Case No. 2:14-cv-01823-RFB-NJK<br>**ORDER**<br>(Docket No. 1) |

Plaintiff Laura Forman has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint. *See* Docket No. 1-1. This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as

1  to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be
2  cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).
3       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
4  failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling
5  on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A
6  properly pled complaint must provide a short and plain statement of the claim showing that the pleader is
7  entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
8  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and
9  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S.
10 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all
11 well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal
12 conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by
13 conclusory allegations, do not suffice. *Id.*, at 678. Secondly, where the claims in the complaint have not
14 crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at
15 570.
16       **A.   Diversity Jurisdiction**
17       Federal courts are courts of limited jurisdiction and possess only that power authorized by the
18 Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377 (1994).
19 Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in
20 diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter
21 is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there
22 is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than
23 each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For the purposes of diversity
24 jurisdiction, a corporation is deemed to be a citizen of every state it has been incorporated and has its
25 principal place of business. 28 U.S.C. § 1332(c)(1).
26       The sole basis for subject matter jurisdiction alleged in the Complaint is pursuant to 28 U.S.C.
27 § 1332(a). *See* Docket No. 1-1, at ¶¶ 2-3. According to Plaintiff's Complaint, Plaintiff is a citizen of
28 Nevada and the only named defendant, Bank of America, is headquartered and incorporated in California.

*Id.*, at ¶¶ 5-6.  Plaintiff claims that she is entitled to an award in excess of $80,000. *Id.*, at 16. Thus, the Court finds that Plaintiff has appropriately demonstrated, for the purposes of initial screening, that diversity jurisdiction exists.

### B.   Breach of Contract Claim

Having determined that diversity jurisdiction exists under the well-pleaded complaint rule, the Court now turns to the sufficiency of the factual allegations to state a claim. Plaintiff's Complaint brings, *inter alia,* a claim for a breach of contract. Docket No. 1-1, at ¶¶ 2-3. In order to state a claim for breach of contract under Nevada law, Plaintiff must allege (1) formation of a valid contract; (2) performance or excuse of performance by Plaintiff; (3) material breach by Defendants; and (4) damages. *See May v. Anderson*, 121 Nev. 668, 672 (Nev. 2005) (basic contract principles require an offer and acceptance, meeting of the minds, and consideration); *Bernard v. Rockhill Dev. Co.,* 103 Nev. 132, 135 (Nev. 1987). "Specifically, 'failure to perform one's obligations within the express terms of an agreement constitutes a literal breach of contract.'" *Med. Providers Fin. Corp. II v. New Life Centers, L.L.C.*, 818 F. Supp. 2d 1271, 1274 (D. Nev. 2011) (quoting *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–920 (D. Nev. 2006)).

Plaintiff alleges that her Deed of Trust created a contract with Bank of America. Docket No. 1-1, at ¶ 22. The Complaint sets forth the relevant contract terms. *Id.*, at ¶ 11 (definition of community association dues, fees, and assessments), ¶ 13 (definition of funds for escrow items), ¶ 14 (waiver of payment for funds for escrow items), ¶ 15 (revocation of waiver) ¶ 16 (charges, liens). Plaintiff alleges that she paid her monthly mortgage payments and that her Homeowner Association (HOA) "dues were as an operation of contract automatically apportioned as part of her monthly mortgage payment." *Id.*, at ¶ 19. Plaintiff further alleges that Bank of America breached the contract by failing to tender withheld monies to satisfy Plaintiff's HOA dues, causing her to suffer damages in excess of $80,000 due to the foreclosure of her home.[1] *Id.*, at 16, ¶¶ 23-24. Plaintiff has, therefore, sufficiently stated a claim for a breach of

---

[1] The Deed of Trust stated: "Lender may require that Community Association Dues . . . be escrowed by Borrower . . . Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any and all Escrow Items." Docket No. 1-1, at ¶ 13.

contract.[2]

### III.   CONCLUSION

Based on the foregoing and good cause appearing, therefore,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

2. The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

. . .

---

[2] When the Court screens a complaint, it does so without the benefit of an adversarial presentation. *Cf. Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (noting that screening "a complaint without benefit of an adversarial presentation is often an uncertain and time-consuming task"). Nothing in this order precludes Defendant from filing a motion to dismiss as to any claim brought by Plaintiff.

The Court does not express any opinion as to the other claims in Plaintiff's Complaint. It is enough at the screening stage that the Court has determined that at least a breach of contract claim has been stated. *See, e.g., Jenkins*, 2013 U.S. Dist. Lexis 11808, at *6 n.1.

3. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

Dated: March 9, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge